GOTT *v.* MITCHELL.

An execution legal on its face, and showing jurisdiction in the Court that issued it, though it issued irregularly—even without a judgment,—is a justification to the officer acting under it, notwithstanding he had notice of the irregularity.

ERROR to the *Montgomery* Circuit Court.

DEWEY, J.—Trespass for taking and carrying away goods. Plea, not guilty. The cause was submitted to the Court upon the following facts: One *Brooks* confessed a judgment before a justice of the peace for more than 20 dollars, on a voluntary appearance, and without making oath that the debt, for which the judgment was confessed, was justly due, &c. An execution in the usual form (not showing the want of the oath) was issued upon the judgment, and placed in the hands of the defendant, a constable. He levied the writ upon the goods named in the declaration, they being the property of *Brooks*. Subsequently, two writs of *fi. fa.* against *Brooks* were regularly issued from the Circuit Court and delivered to the plaintiff, a sheriff, who levied them upon the same property which had been taken by the defendant, gave him notice that the judgment on which his execution

had issued was confessed without oath, and forbade him to proceed, any further. The defendant, notwithstanding, re- took the property and sold it on the execution. The Circuit Court found for the defendant, and rendered judgment ac- cordingly.

The statute prohibits justices of the peace from rendering judgment by confession, on voluntary appearance, without an oath by the party confessing that the debt is just, &c., for more than 20 dollars; but it provides that, though the oath be omitted, the judgment shall be valid against the defendant and his representatives. R. S. 1838, p. 365.

It is contended that this statute rendered the confessed judgment a nullity as to all persons not a party to it; and, therefore, the constable committed a trespass in proceeding to sell the goods which he had seized, after the levy of the execution in the sheriff's hands, and after notice that the justice's judgment had been rendered without the proper oath.

The premiss may be true, but the inference is not correct. The question here is not, whether the regular execution-creditors of *Brooks* had any means of avoiding the irregular judgment confessed before the justice; but the inquiry is, whether the defendant was justified in executing the writ, under which he acted. That writ was legal upon its face, and showed jurisdiction in the justice. The law is, that a writ, having these characteristics, however irregularly issued, even though there be no judgment on which to found it, is a justification to an officer acting under it. Nor did the notice, given to the defendant before he completed the execution of the writ, affect his authority. He was not bound to look beyond his process. Had he seen fit to assume the responsibility of judging for himself, whether the circumstances under which the writ issued, would have excused him for not obeying it, he might have done so; and perhaps the excuse would have been sufficient. But he was not bound to run the hazard. These principles are established by the cases of *Tarlton* v. *Fisher*, Dougl. 671, and *Whitworth* v. *Clifton*, 1 M. & Rob. cited in 4 Harr. Digest, 2924. The judgment of the Court is correct.

*Per Curiam.*—The judgment is affirmed with costs.

*R. C. Gregory*, for the plaintiff.

*H. S. Lane* and *S. C. Willson*, for the defendant.