## HILL *v.* KIRBY and Others.

Action by *A.* against *B.* and others, under the R. S. 1852. The transcript contained only the finding of the Court, that *A.* was entitled to a deed for the property described in the complaint, and an order appointing a commis-

Nov. Term,
**1855.**

HILL
v.
KIRBY.

sioner to make a deed for the right, &c., which one *C.* had, at the time of his death, in said real estate. Judgment against the plaintiff for costs, with an exception thereto, &c. *Held,* that the judgment for costs must be presumed to be correct.

In a proceeding by a purchaser who has been in default during the lifetime of the vendor, to obtain a conveyance from his infant heirs after his death, a judgment against them for a conveyance should be withheld, (to avoid the difficulty concerning the operation of section 396 of the practice act,) unless the plaintiff will accept it upon the equitable terms of paying the costs.

*Monday,*
*December* 10.

APPEAL from the *Decatur* Court of Common Pleas.

GOOKINS, J.—The only question presented by this record, is as to the correctness of a judgment for costs. The transcript contains only the finding of the Court, in a case wherein *Hill* is plaintiff and *Sebastian Adkins* and twelve others are defendants, that the plaintiff is entitled to a deed for the property described in the complaint, and an order that *John R. Coverdill* be appointed a commissioner to make to the plaintiff a deed for the right, title and interest which one *Martin Adkins* had, at the time of his death, in said real estate, (describing it,) and a judgment in favor of the defendants against the plaintiff for costs, with an exception thereto by the plaintiff, and an appeal to this Court.

There is nothing in the record to show that the judgment for costs is wrong; and all presumptions are in favor of the action of the Court below. There was no finding against the defendants, and no judgment against them requiring them to pay money, or to do anything else. From the fact that the judgment requires the commissioner to convey to the plaintiff the interest which a third person had at his death in certain real estate, it is probable that the persons named as defendants were in no default, and if such was the case, the Court was right in rendering no judgment against them that would subject them to costs. Sections 396 and 400 of the practice act, (2 R. S. 1852, pp. 126–7,) taken together, justify this course. There being no judgment against them as contemplated by the latter section, it would have been im-

proper to have adjudged costs against them in favor of the plaintiff.

It sometimes occurs that a purchaser who has been in default during the lifetime of the vendor, seeks a conveyance from his infant heirs after his death by a proceeding in Court. In such a case it would be manifestly unjust to subject them to the costs of the proceeding; and as the specific execution of a contract for a conveyance is addressed to the sound discretion of the Court, a judgment against them for a conveyance should be withheld, unless the plaintiff will consent to accept it on equitable terms. In that way any difficulty in regard to the operation of the 396th section, which seems to have been an oversight on the part of the legislature, will be avoided, and substantial justice will be done.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Gavin* and *J. R. Coverdill*, for the appellant.

*J. S. Scobey* and *W. Cumback*, for the appellees.