## SPAULDING and Others v. BALDWIN.

JURISDICTION.—*Pleading.*—In pleading a record of a judgment, it is unnecessary to show by averments that the court had jurisdiction.

SAME.—*Decedents' Estates.*—*Proceeding to sell Real Estate.*—An application to sell lands in the course of administration stands upon the footing of an ordinary adversary judicial proceeding in a court of superior jurisdiction.

SAME.— *Collateral Proceeding.*—Where jurisdiction has been acquired in such a proceeding, subsequent errors in the course of its exercise—as in the order of sale and its confirmation—however grave and glaring, will not subject the judgment to successful collateral attack.

PLEADING.—*Exhibits.*—Where, in an action to recover possession of real estate, the defendant claims title through a sale and conveyance to him under an order of court granted upon the application of an administrator, to make assets to pay debts of the decedent, the answer need not aver that a real estate bond was filed, but copies of the record and the deed must be exhibited as parts of the answer.

APPEAL from the Blackford Circuit Court.

FRAZER, J.—This was an action to recover the possession of real estate, brought by the appellants against the appellee. An answer and cross complaint was filed, which was held good on demurrer; and we are to determine whether the court below erred in overruling the demurrer.

The pleading demurred to was an attempt to show title in the defendant. It alleged, that one S. had died, intestate, seized in fee simple of the land; that his administrator filed in the probate court a proper memorial praying an order to sell the land to make assets to pay the debts of the intestate; that at the November term of that court for 1849, it was

ordered that a sale be made, at private sale, at not less than two-thirds of $325, the appraised value of it; that at such private sale the defendant purchased it for the price of $216.66, which was fully paid; that this sale was confirmed at the August term, 1850, of said court, and a deed therefor executed; that said orders of the probate court remain in full force. Copies of the record and deed were not made parts of the answer.

It was long ago settled, that in pleading a record of a judgment, it is unnecessary to show by averments that the court had jurisdiction. This rule was founded in convenience, to avoid prolixity in pleading, though more anciently it was otherwise. This objection to the answer cannot therefore be allowed. *Murray* v. *Wilson*, 1 Wils. 316; *Lane* v. *Robinson*, 2 Mod. 102.

So, also, as to the objection, that the answer discloses that the sale, being private, was ordered to be made for not less than two-thirds of its appraised value—the law requiring the full appraised value—and that the sale was for two-thirds of a cent less than two-thirds of the appraisement. That the probate court ordered and confirmed such a sale, may have been error which would have reversed its judgment; but it does not follow that the proceeding is to be held void when questioned collaterally. The order of sale and its confirmation were steps in the exercise of jurisdiction. If that had been acquired, subsequent errors, such as these, however grave and glaring, would not subject the judgment to successful collateral attack. *Crossley* v. *O'Brien*, 24 Ind. 325, is not in conflict with this view. There was no collateral questioning of the proceedings in that case. It was a direct appeal in the cause; but in the course of the opinion the distinction between proceedings essential to jurisdiction and those in the course of its exercise afterwards, was stated. Nor does *The Evansville, &c. R. R. Co.* v. *Evansville*, 15 Ind. 395, touch the present question. Nor can decisions as to the special statutory powers conferred on courts, where the statute must be followed at every step, in order to give va-

lidity to the exercise of the power, be deemed in point up-
on the present question. It has been so long settled in this
State as to close the question against further controversy,
that an application to sell lands in the course of administra-
tion stands upon the footing of an ordinary adversary ju-
dicial proceeding in a court of superior jurisdiction.

Whether the failure to give a real estate bond would ren-
der the sale void, need not now be decided. That question
does not arise, the answer averring nothing upon that
subject, and it being unnecessary that it should aver the
fact. The question could have been made by a reply im-
peaching the validity of the sale for the want of such bond,
and if, in fact, none was given, the defendant would have
been driven to demur thereto, thus presenting the question.

Was it necessary to exhibit, as parts of the answer, cop-
ies of the decree and deed, or either of them? They consti-
tuted the foundation of the defense, and the seventy-eighth
section of the code imperatively requires the copies. The
cases holding that this defect can be reached by demurrer
are too numerous to require a specific citation of them. On
this account the demurrer should have been sustained.

Judgment reversed, with costs; and the cause remanded,
with directions to sustain the demurrer.

*J. W. Gordon* and *W. March,* for appellants.

*J. Brownlee,* for appellee.