## MILLER *v.* WEIDA ET AL.

SHERIFF.—*Fee Bill.—Justification of Officer.*—A fee bill, legal upon its face and showing jurisdiction in the court from which it issued, is a justification to an officer acting under it in making a levy and sale of property.

SAME.—The fact that the costs for which the fee bill was issued were made by a party to the suit in which they originated, other than the party against whom the fee bill was issued, and should properly have been taxed to that other party, does not render the sheriff a trespasser.

APPEAL from the Clinton Circuit Court.

OSBORN, J.—The appellant instituted an action for trespass against the appellees, to recover the value of two cows of the alleged value of one hundred dollars.

The defendants filed separate answers. Weida answered by a general denial. Franklin filed an answer of three paragraphs. 1st. The general denial. 2d. He admits taking the property named in the complaint, but says that at the time he was sheriff of Clinton county, and took the same in his

official capacity, by virtue of and upon a certain fee bill issued by the clerk of the Clinton Common Pleas Court for the collection of costs made by and due from plaintiff in a cause in said court, set out and itemized in said fee bill, and sold the same for the satisfaction of said costs, a copy of which is filed therewith. The third paragraph differs from the second by stating that the fee bill was issued for certain costs made by and due from plaintiff on a judgment rendered against him in the common pleas court of that county. Copies of the judgment, fee bill, and return were filed with the answer.

The plaintiff filed separate demurrers to the second and third paragraphs of Franklin's answer, which were overruled, and exceptions taken. He then filed a reply of three paragraphs; first, the general denial; second, that the costs mentioned in the second paragraph of Franklin's answer were costs made and properly taxable to William Johnson the plaintiff in the action in which the fee bill issued; third, the same allegation with reference to the third paragraph of Franklin's answer contained in the second paragraph of the reply to the second paragraph of the answer. · To each of the replies the defendant filed a demurrer; the demurrers were sustained, and exceptions were taken. ·

The cause was tried by the court, which resulted in a verdict for the defendant, the appellee. The appellant filed a motion for a new trial, stating as causes, first, that the decision and judgment of the court was not sustained by sufficient evidence; second, that it was contrary to law, and not sustained by sufficient evidence given in the cause; third, that it was contrary to law. The motion was overruled, to which he excepted. Final judgment was rendered on the findings.

The errors assigned·are, first, overruling the demurrers to the several answers of Franklin; second, sustaining the demurrers to his second and third paragraphs of reply to Franklin's answer; third, overruling his motion for a new trial.

The court committed no error in overruling the demurrers to the answers. The fee bills mentioned in those paragraphs were legal upon their face, and showed jurisdiction in the court from which they were issued. "The law is, that a writ, having these characteristics, however irregularly issued, even though there be no judgment on which to found it, is a justification to an officer acting under it." *Gott* v. *Mitchell, 7* Blackf. 270.

The demurrers to the replies were correctly sustained. 7 Blackf. *supra.* The fact that the costs for which the fee bills were issued were made by Johnson, and properly taxable to him, did not make the sheriff a trespasser for executing a writ, valid on its face. If the costs were improperly taxed to the appellant, his remedy was not by an action against the sheriff, but by a re-taxation, and, if necessary, an injunction to restrain proceedings by the sheriff until his motion for that purpose could be heard.

The evidence fully sustains the finding of the court.

The judgment of the Clinton Circuit Court is affirmed, with costs.

*J. McCabe*, for appellant.

*L. McClurg*, for appellees.

