# IN GENERAL TERM, 1873.

ROLLAND E. THURSTON, Appellant, *v.* OMER B. BOARDMAN AND CHARLES G. COULON.

CONSTABLE—*levy by*—
EXECUTION—*levy under*—
JUDGMENT—
VENUE—*change of.*

Where a constable, in answer to a complaint in replevin, pleads that he levied upon the property, as the property of the plaintiff, to satisfy an execution issued upon a judgment rendered before a Justice of the Peace against the plaintiff, the execution upon which the levy is made is not a written instrument within the meaning of the statute requiring such to be filed with the pleadings. It is but evidence of the facts alleged in the answer, and need not be made a part of the answer.

When property has been levied upon, but not sold; and the time for completing the return upon an execution has not arrived, and the execution is still in the hands of the constable, no objection can be taken to the validity of the levy, because the return was not signed by the Constable.

If a constable holds an execution, legal on its face in all respects, it is sufficient to authorize a levy, and to justify such levy, it is not necessary for the constable to allege that the Justice of the Peace, who rendered the judgment, had jurisdiction of the cause wherein the judgment was rendered.

Where a Court has jurisdiction of the person and of the subject matter of the action, the defendant cannot stand by, and see a judgment rendered against himself, and an execution proper and legal in form issued upon the judgment, and after it has been levied upon his property, attempt by an action of replevin, to have another Court sit for the correction of errors, and reverse the proceedings of the Court that rendered the judgment.

Thurston *v* Boardman, and Coulon.

The validity of a judgment cannot be enquired into in this collateral way.

If a judgment is invalid or void, a party has his remedy by appeal, or other direct proceeding.

Applications for a change of venue cannot be repeated without some special cause.

BLAIR, J.—This is an action to recover the possession of certain articles of personal property.

In addition to the general denial, the defendants answered admitting the taking of the property, but alleging that the defendant, Boardman, is a Constable of Marion county, and the defendant, Coulon, is his deputy, and that the property was levied upon as the property of the plaintiff by virtue of an execution in favor of the State of Indiana, and against the plaintiff, which was issued by one Schmitts, a Justice of the Peace of Marion county, to satisfy a judgment rendered by said Justice in a cause wherein the State of Indiana was plaintiff, and the plaintiff herein was defendant.

A copy of the execution is filed with the answer.

A demurrer was overruled to this answer, and the proper exception having been taken, this ruling presents the first question for consideration. It is urged that the answer does not show a justification for the levy, and taking of the property, because the return upon the execution is not signed by the constable.

This question is not raised by the demurrer for two reasons. First, the execution is not properly a part of the answer. It is not a written instrument within the meaning of the statute requiring such, to be filed with the pleadings. It is but evidence of the facts alleged in the answer, and need not have been made a part of the answer. *Lytle* v. *Lytle et al.*, 37 *Ind.*, 281. Secondly, the execution does not purport to have been returned. The property was only levied upon, not sold, and the time for completing, and signing the return had not arrived.

The next objection is, that the execution is directed to "any Constable of Marion county."

This direction is, as required by the express terms of the Statute. 2 *G. & H., p.* 601, *Sec.* 72.

It is again urged that the answer is bad because it fails to show that the Justice had jurisdiction of the cause wherein the judgment was rendered, upon which the execution issued.

This averment was not necessary. If the constable had an execution legal upon its face in all respects, it was sufficient to authorize a levy. *Gott* v. *Mitchell,* 7 *Blackf.,* 270.

The plaintiff filed a reply to this answer, the substance of which is, that before the trial of the cause in which the judgment was rendered, he filed an affidavit for a change of venue from the Justice, on account of his prejudice, interest, and bias against the plaintiff; that the Justice overruled the motion for a change of venue, and tried the cause; wherefore he says that after the filing of the affidavit the Justice had no jurisdiction, and the judgment, and execution are void. A copy of the proceedings before the Justice is filed with the reply.

A demurrer was sustained to this reply; and this is the next error assigned. The ruling upon this demurrer was right.

It is not denied but that the Court had jurisdiction of the person of the plaintiff, and of the offence against the State, with which the plaintiff was charged, and under such circumstances it is not for the plaintiff to stand by, and see a judgment rendered against himself, and an execution issued upon the judgment, proper, and legal in form, and after it has been levied upon his property, attempt, by an action of replevin, to have another Court sit for the correction of errors, and reverse the proceedings of the Court that rendered the judgment.

The validity of the judgment cannot be inquired into in this way. *Spaulding and others* v. *Baldwin,* 31 *Ind.,* 376.

The transcript from the docket of the justice, does not contain the affidavit that was filed for a change of venue, but it shows that after a jury was summoned to try the cause, and after they were brought into Court, at the instance of the defendant, the affidavit, and motion for a change of venue was filed. The motion was overruled, and the transcript recites the following as a reason therefor: "it being evident to this Court, and fully shown by the affidavit, the defendant herein filed as a plea in bar, that said defendant has heretofore, at three different justices, pursued the same course of filing affidavits for a change of venue, as it seems to this Court, with the avowed purpose of defeating the laws of the State." It further appears from the transcript, that the jury was sworn to try the cause, "and the defendant having been arraigned for plea, and he being mute, and indifferent to his case," trial was had. If necessary for a decision of the questions before us, we would say, that if the facts are recited correctly in the transcript, the Justice was right in refusing the change of venue; for it would appear that the defendant was only trifling with the Court. If there is to be no end to the granting of changes of venue, criminals could escape punishment.

Applications for a change of venue cannot be repeated without some special cause. *Millison* v. *Holmes,* 1 *Ind.,* 45.

If the judgment is invalid, or void, the defendant had his remedy by appeal, or possibly he may have had a remedy other than by appeal, but we are clear that his reply in this case was bad.

Judgment affirmed.