## FERRIER v. DEUTCHMAN.

51   21
136   557

JUDGMENT.—*Record.*—*Clerk's Entry.*—*Bill of Exceptions.*—Where it was stated in the record of an action that the cause was dismissed on motion, for the reason that the court had no jurisdiction of the action, and there was nothing to show that the statement of such reason was not merely the entry of the clerk, such statement could not, in a collateral proceeding, be regarded as a part of the record, or render a judgment for costs against the defendant in such action inadmissible in evidence in such collateral proceeding. In such case, the ground of dismissal should be shown by a bill of exceptions.

REAL ESTATE.—*Action to Recover.*—*Evidence.*—*Supersedeas.*—In an action to recover possession of certain real estate sold by the sheriff to the plaintiff as the property of the defendant on certain executions and a certain fee bill against the defendant, a supersedeas granted by a judge of the Supreme Court on the judgment for the costs of which such fee bill was issued, could not defeat a recovery otherwise authorized by the evidence.

From the Clarke Circuit Court.

*M. C. Hester,* for appellant.

*W. F. A. Bernhamer* and *S. Russell,* for appellee.

BIDDLE, C. J.—Suit by appellant against the appellee to recover the possession of two certain lots of ground described, in Charlestown, Clarke county.

Answer, general denial. Trial by the court, finding for the appellee.

The case is properly brought before us upon the law and the evidence, and two questions are raised in this court:

1. The insufficiency of the evidence to sustain the verdict.

2. The improper admission of a supersedeas, granted by a judge of the Supreme Court, as evidence on the trial.

The appellant introduced as evidence four several judgments against the appellee for costs. Three of them were in cases wherein the State of Indiana was plaintiff, and the appellee defendant; and, as they are peculiar, we will set forth one at length. After entitling the court, the Court of Common Pleas of Clarke county, and the case as above, the record states:

"Comes now Robert I. Shaw, Esq., who prosecutes the pleas of the State in this behalf, and moves the court to dismiss this cause, for the reason that this court has no jurisdiction thereof; and the cause is dismissed.

"It is therefore considered by the court that the plaintiff recover of the defendant all costs in and about this cause in this court expended."

Two of the other judgments were each the same as this. Executions were issued on the three several judgments, in the usual form, commanding the sheriff to make the costs therein adjudged. The judgments and executions were admitted as evidence on the trial, over the objections and exceptions of the appellee, but as he has assigned no cross errors, the questions will be unavailable to him. The judgments, therefore, unless they are nullities, must be considered as evidence in the case. It does not appear by the record whether the

judgments were rendered in criminal or civil cases, nor upon what cause of action they were founded, nor for what reason they were dismissed. True, it is stated in the entry on the order book that they were dismissed "for the reason that the court had no jurisdiction thereof;" but there is nothing to inform us that this is anything more than the entry of the clerk. The ground of dismissal, to show the action of the court, should have been presented by a bill of exceptions, otherwise we cannot notice it as a part of the record. *Conoway* v. *Weaver*, 1 Ind. 263; *Aspinwall* v. *The Board of Commissioners, etc.*, 18 Ind. 372; *Carr* v. *Thomas*, 34 Ind. 292; *Dritt* v. *Dodds*, 35 Ind. 63. And a judgment for costs will be presumed in this court to be correct, where the record shows nothing to the contrary. *Nichols* v. *Woodruff*, 8 Blackf. 493; *Hill* v. *Kirby*, 7 Ind. 217. These judgments for costs, therefore, must be held valid, and consequently properly admitted as evidence.

The appellant introduced a judgment rendered by the Court of Common Pleas of Clarke county, Indiana, against the appellee for costs, in a case wherein he was plaintiff and the town of Charlestown defendant, also a fee bill issued for the costs arising on this judgment, to the introduction of which as evidence there does not appear to have been any objection made. A levy and sale of the lots in controversy, as the property of the appellee, to the appellant, made by the sheriff by virtue of the fee bill and the three executions, the sheriff's return made on the fee bill, and the sheriff's deed to the appellant for the property in suit, were also introduced as evidence.

The appellee, in rebutting, offered in evidence a supersedeas granted by one of the judges of this court on the judgment for the costs of which the fee bill was issued. This was objected to by appellant, but the objection was overruled, and the supersedeas admitted as evidence. From the latter judgment an appeal to this court had been granted to the appellee. There was some conflicting evidence as to whether the appellee had ever filed an appeal bond or a supersedeas

bond in the case or not. But whatever the fact, as to whether he had ever filed any such bond or not, may be, there was no bond produced, its absence, loss or destruction was not accounted for, nor were its contents proved. No such bond, therefore, was in evidence. Whether an appeal bond or a supersedeas bond would stay the issuing of a fee bill or not, we do not decide.

We can perceive no irregularity in the judgments or in the fee bill. Fee bills may be issued any time after the services are rendered. 1 G. & H. 338, sec. 26. They have the force and effect of executions. *Miller* v. *Weida,* 41 Ind. 199.

We think the judgments, executions, fee bill, levy, sale, return of the sheriff, and the sheriff's deed, introduced as evidence, show a title in the appellant, upon which he ought to have recovered as against any evidence shown in the record.

The judgment is reversed. Cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.