Ferrier v. Deutchman.

No. 8430.

FERRIER v. DEUTCHMAN.

SHERIFF'S SALE.—*Appraisers.*—*Sale in Solido.*—*Return on Execution.*—*Evidence.*—*Real Estate, Action to Recover.*—*Presumption.*—A sheriff's return to an execution, showing the sale of real estate, subject to appraisement, is not materially defective for a failure to show how the appraisers were selected; nor for a failure to show that separate parcels of land sold *in solido* were first offered separately. Where the return is silent as to such matters the presumption will be indulged, *prima facie*, that the sheriff did his duty concerning them. Such return is admissible in evidence in ejectment to prove title in the purchaser.

SAME.—*Sheriff's Deed.*—A sheriff's certificate of sale of real estate is not ordinarily material evidence in support of the purchaser's title, but the deed is admissible if it rests on a valid return.

From the Clark Circuit Court.

*M. C. Hester,* for appellant.

*J. K. Marsh,* for appellee.

NIBLACK, J.—Action by William T. Ferrier against Martin Deutchman to recover the possession of lot No. 17, and a part of lot No. 57, in the town of Charlestown, in Clark county. Answer in general denial; trial by the court; finding for the defendant; motion for a new trial overruled, and judgment on the finding.

This is the second appeal in this cause, to this court, both of the judgments appealed from being in favor of the defendant below. *Ferrier* v. *Deutchman,* 51 Ind. 21.

At the last as well as at the first trial, the plaintiff relied upon a sheriff's sale to establish title to the lots in suit, and again introduced and had read in evidence four several judgments rendered in the court of common pleas of Clark county, against the defendant, three of said judgments being in favor of the State of Indiana, and the remaining one being in favor of the town of Charlestown, above named.

The plaintiff also offered and had read in evidence three executions, severally issued on the three judgments in favor of the State, and a fee bill issued on the judgment in favor

of the town of Charlestown for costs, amounting to the sum of $30.95.

The plaintiff then offered in evidence the return of the sheriff of Clark county to the fee bill, issued as above, showing a levy upon the lots in controversy and a sale of them to him, but the court refused to permit the return to be read in evidence.

The plaintiff also offered in evidence a certificate of the sale of the lots executed to him by the sheriff; also a deed from the sheriff, both purporting to be based upon the sheriff's return, but they were severally excluded.

The return stated that by virtue of the fee bill, and of the three executions issued, as herein above set forth, he, on the 20th day of February, 1872, levied upon the lots described in the complaint, and that on the 23d day of March, 1872, after having given due notice of the time and place in the various modes prescribed by law, and after having said lots appraised according to law, he first offered at public auction the rents and profits of said lots for a term of years not exceeding seven, and receiving no bid whatever for such rents and profits, he then, in like manner, " proceeded to offer the fee simple of" said lots, "and William T. Ferrier bid therefor the sum of twenty dollars," and he being the highest and best bidder, and that being the highest and best price bid for the same, said lots were struck off and sold to him; that the said Ferrier had paid the amount so bid by him, and had received a certificate of his purchase of the lots.

A schedule and appraisement of the lots accompanied the return, purporting to be made under oath by two disinterested householders of the neighborhood, in which the value of lot 17 was fixed at $400, and the part of lot 57 at $1,000; but in which it was also stated that said lots were subject to certain incumbrances, and that the interest of Deutchman in said lots, over and above the incumbrances, was of no value.

Neither the return nor the schedule stated the manner in which the appraisers were selected.

The appellant complains that the court erred in refusing to

admit the sheriff's return, as well as the certificate of purchase and the sheriff's deed, in evidence.

In support of the action of the court in excluding the sheriff's return, it is argued:

First. That the return was materially defective in not stating by whom, or in what manner, the appraisers of the lots were selected.

Second. That the return showed affirmatively that the lots were sold to the appellant as an entirety, without the fee simple in each being first offered separately, thus making it apparent upon the face of the return that the alleged sale was inoperative and void as against the appellee.

In some of the States, and notably in some of the New England States, the sheriff has been, and presumably still is, required to make return of the manner in which the appraisers of real estate, taken in execution, may have been selected; but in this State so strict a rule, as regards sheriff's returns, has not been, and is not now, enforced.

On the contrary, it has been repeatedly held by this court that where the return of a sheriff is silent as to some matter imposed upon him in connection with the sale to which the return relates, it will be presumed that the sheriff did his duty, until it is otherwise shown by some appropriate proceeding.  *Talbott* v. *Hale,* 72 Ind. 1 ; *Woolen* v. *Rockafeller, ante,* p. 208.

The recital, therefore, in the return before us that the sheriff had caused the lots to be appraised according to law, carried with it the implication that all the requirements of the law had been complied with in making the appraisement.

The general rule is, that where several tracts of land have been levied upon to satisfy an execution, a sale of them *in solido,* without first offering them separately, can not be sustained ; but to avoid such a sale it must be affirmatively shown that such tracts were not first separately offered.   Such sales are usually "voidable" only, and not "void," as they are very frequently denominated.

There is some apparent confusion in the decided cases in the application of the above general rule, but that confusion arises we think more out of a failure to observe the distinction between collateral attacks on such sales, and direct proceedings to set them aside, than from any other cause. All the presumptions are indulged in favor of a sheriff's sale, until it is attacked by affirmative evidence in a direct proceeding to set it aside. *Jones* v. *The Kokomo Building Ass'n,* 77 Ind. 340. When, therefore, a sheriff, in his return of a sale of several tracts of land for a gross sum, says nothing as to the particular manner in which the several tracts were offered for sale, it will be presumed that he conducted the sale in the manner required by law. Rorer Judicial Sales, section 776; *Love* v. *Cherry,* 24 Iowa, 204; *Stotsenburg* v. *Same,* 75 Ind. 538; *Weaver* v. *Guyer,* 59 Ind. 195. Our conclusion, consequently, is that the court below erred in refusing to admit the sheriff's return offered in evidence in this case, and that the error was one for which the judgment will have to be reversed.

No specific objection is pointed out, either to the sheriff's certificate of sale, or to the sheriff's deed. As they rested on the sheriff's return, we assume that they were improperly excluded. The certificate of sale was not a material link in the appellant's chain of title in this particular case, and hence no material injury resulted from its exclusion.

Some questions are made upon certain oral testimony, which was introduced, but as those questions will probably not arise again upon another trial, and especially not in the same form as before, we will not consider them now.

As to the conclusiveness of a sheriff's return upon parties and privies, as well as strangers, see Freeman on Executions, secs. 363, 364 and 365; also, *Splahn* v. *Gillespie,* 48 Ind. 397.

Judgment reversed, with costs, and the cause remanded for a new trial.