**PIERSON et, Plaintiffs, v. MERRITT et, Defendants.**

Common Pleas Court, Fayette County.

No. 21990.   Decided May 16, 1956.

W. S. Paxson, Washington C. H., for plaintiffs.
Maddox & Hire, Washington C. H., for defendants.

## OPINION

By CASE, J.

On August 4, 1955, plaintiffs filed their petition herein which reads as follows:

"Plaintiffs have a legal estate in and are entitled to the possession of the following described property, situate in the city of Washington, County of Fayette and state of Ohio, towit:

"Being lot numbered Two Hundred and Sixty (260) in the Washington Improvement Company's sub-division of lands in and adjoining the city of Washington C. H. Fayette County, Ohio, known as 603 Eastern Avenue.

"The defendants, James P. Merritt and Helen Merritt, unlawfully keep plaintiffs out of the possession thereof.

"Wherefore plaintiffs pray judgment for the possession of said property."

On September 15, 1955, by leave of court first had and obtained, the defendants filed thereto the following answer and cross-petition:

"For answer to plaintiffs' petition, defendants herein deny that plaintiffs are entitled to the possession of the real estate described in plaintiffs' petition or that said defendants unlawfully kept plaintiffs out of possession thereof.

"Having fully answered, defendants pray that plaintiffs' petition be dismissed and that they recover their costs herein expended."

"By way of cross-petition, the defendants herein, James P. Merritt and Helen Merritt, say that on the 17th day of November, 1947, they entered into a written contract with plaintiffs for the purchase of the real estate described in plaintiffs' petition; that defendants herein have fully complied with the terms and conditions set forth in said contract for purchase of real estate, but that plaintiffs herein are not able to deliver unto defendants a general warranty deed for said real estate. free and clear of all dower rights and other encumbrances by reason of defective title thereto in plaintiffs herein; that defendants herein had no knowledge of said defective title until on or about the 25th day of April, 1955, upon which date defendants application for a mortgage loan for the purpose of payment in full of existing balance to said plaintiffs was refused by reason of defective title to the real estate described in plaintiffs' petition.

"Defendants herein hereby tender the sum of $194.00 as payment in full of all monthly payments and interest payments due plaintiffs herein from the first day of May, 1955, until the first day of October, 1955, being the sum of $125.00 as monthly payments in accordance with said contract and the sum of $69.00 as interest in accordance with said

contract and pray that same be disbursed in accordance with the proper orders and findings of this court; that defendants herein are ready, able and willing to pay the entire balance of said purchase price, in accordance with said contract, upon date plaintiffs are in position to deliver to defendants a general warranty deed for said real estate as provided in said contract.

"Wherefore, defendants pray that plaintiffs herein be directed by this court to take all necessary and proper steps to comply with the terms and provisions of said contract by furnishing to defendants a general warranty deed for the real estate described in plaintiffs' petition, free and clear of all dower rights and other encumbrances and upon their failure so to do that defendants recover from plaintiffs the sum of Three Thousand Seven Hundred Fifty Dollars ($3,750.00) with interest thereon at 6% per annum from the 17th day of November, 1947, and for such other and further relief to which defendants may be entitled, both in law and in equity."

On September 26, 1955, plaintiffs filed the following answer to defendants' cross-petition:

"For answer to the cross petition of the defendants plaintiffs admit that on the 17th day of November, 1947, the defendants entered into a written contract with plaintiffs for the purchase of the real estate described in plaintiffs' petition, but deny each and every other allegation therein.

"Wherefore plaintiffs pray that said cross petition be dismissed at the costs of said defendants."

On December 30, 1955, said cause came on for trial before the judge of this court. From the stipulations, testimony and exhibits adduced of record herein, it appears that the essential facts may be summarized as set forth in plaintiffs' brief as filed herein on January 6, 1956, to-wit:

"Title of the plaintiffs to the property involved in this action was conveyed to Mary Pierson by deed from Fred A. Carlson, administrator of the estate of Millie Thomas, deceased, who died the owner of the fee simple title thereto. Said deed was executed and delivered in compliance with an order of the Probate Court of this County in case No. 3750 in which said administrator had filed a petition against the heirs of Millie Thomas praying for an order of sale of said real estate to pay debts and costs. In the petition it was alleged that said real estate had been appraised by the estate appraisers at $500.00. In truth it had been appraised at $600.00. None of the defendants answered denying the allegation in the petition as to said appraised value. Judgment was rendered finding that all defendants were properly before the Court; that said real estate was appraised at $475.00 and no further appraisement was necessary; that sale was necessary to pay debts; and the Court ordered that said administrator sell it at not less than $475.00. the appraised value, and at private sale. Order of private sale was issued May 8, 1939 to said administrator. He returned it the same day reporting that he had sold it to Mary Pierson for $525.00. The Court approved an entry approving and confirming the sale and ordered the admin-

istrator to execute and deliver the deed above referred to, for all the right, title and interest of the said Millie Thomas in said real estate to the purchaser, which was done upon payment of said purchase price to said administrator. Said deed was recorded in Fayette County Deed Record 66 page 203. The administrator filed his final account, which was approved and confirmed.

"On November 17, 1947 plaintiffs sold said property to James P. Merritt and Helen Merritt, the defendants herein, under a land contract, which was introduced in evidence and admitted. Said defendants paid the payments under said contract until May 1, 1955. This suit was then filed to recover possession of said premises. The reason given by defendants for discontinuing said payments is that they applied to Leesburg Federal Savings and Loan Association on one occasion and to First Federal Savings and Loan Association on another for a loan with which to pay the Piersons the balance owing on said contract and Mr. William Lovell, attorney for said associations, had refused to approve the loans, for the reason that Mrs. Pierson's title was defective. Mr. Lovell confirmed this and said that he had examined the title and upon finding that the property had been sold by the administrator of Millie Thomas for less than its appraised value he considered said title defective."

The basic issues raised by the pleadings and the evidence in this case is whether or not plaintiffs are capable of conveying said real estate to defendants by a deed of general warranty, free and clear of all dower rights and other incumbrances, as specifically called for in said land contract executed by the parties on November 17, 1947.

Defendants contend that plaintiffs' title is defective for the reason that the administrator of the estate of Millie Thomas, deceased, procured confirmation of the sale of said real estate to Mary Pierson at private sale for less than the appraised value thereof contrary to the provisions of §10510-39 GC, which was then in full force and effect.

It must be admitted that §10510-39 GC was so in force and provided as follows:

"Where the sale authorized by the court is private, the real estate shall not be sold for less than the appraised value; when the sale is at public auction the real estate if improved shall not be sold for less than two-thirds of the appraised value, or if not improved, for less than one-half the appraised value. If, in private sales, after one bona fide effort to sell under the statute, no sale has been effected, or if in public sales the land remains unsold for want of bidders when offered pursuant to advertisement, the court may fix the price for which such real estate may be sold, or may set aside the appraisement and order a new appraisement. If such new appraisement does not exceed five hundred dollars, and upon the first offer thereunder at public sale there are no bids, then upon the motion of any party interested the court may order the real estate to be readvertised and sold at public auction to the highest bidder."

In their brief, defendants have summarized this issue in this case as follows:

"Defendants feel that the issue in this case, is whether the aforesaid sale by the administrator constituted a void or voidable sale of said real

estate to the plaintiff, Mary Pierson. Defendants are fully aware that collateral attacks are not permitted if a court had the power to make the order that he so made, in this case, confirming sale and ordering deed.

"We think that the authority submitted by plaintiffs refer to irregularities where the court obtained proper jurisdiction.

See **Stites v. Widener, 35 Oh St 555; Binns v. Isabel, 72 Oh Ap 222.**

"In conclusion, we feel that the Probate Court could not overrule the statute in effect upon date of sale, namely, §10510-39 GC, and that by reason of said statute the court was without authority to make its order and, therefore, plaintiffs were not in position and are not now in position to comply with the terms and conditions of the land contract introduced into evidence in this case."

The Court has considered and searched the two decisions cited and referred to above and fails to find factual similarity to the case at bar or rules of law which would be determinative of said issue raised herein.

The Court notes that §10510-41 GC, was in full force and effect on the date of the aforesaid sale and provided as follows:

"The petitioner shall make return of his proceedings under the order of sale; and the court after careful examination thereof, if satisfied that the sale has in all respects been legally made, shall confirm it and order the petitioner to make a deed to the purchaser."

Plaintiffs' brief takes the position that the deed from the administrator of Millie Thomas to Mary Pierson was a valid conveyance of said real estate, and argue as follows:

"Plaintiffs contend that the title is not defective. My claim is that although the Probate Court erred in finding that said real estate was appraised at $475.00, when it had been appraised at $600.00, such an error was one that the parties to said action should have pointed out to the Court at that time. The petition alleged that it was appraised at $500.00, which was incorrect. The parties defendant should have answered and corrected said mistake. The return on the order of sale reported the sale at $525.00, which was more than the appraised value found by the Court. Any party to said action could have had the sale set aside at that time by showing this mistake to the Court. But they said and did nothing to correct it and have done nothing since to complain about it. The administrator distributed the proceeds and filed his account.

"Sec. 10510-44 GC, which was in effect at the time of this sale, reads as follows:

" 'The deed made in pursuance of the order of the court, shall be received in all courts as prima facie evidence that the petitioner in all respects observed the directions of the court, and complied with the requirements of the law, and shall vest title to the real estate in the purchaser, in like manner as if conveyed by the deceased in his lifetime or by the ward free from disability.'

"In 24 O. Jur. p. 61, Sec. 80 the following appears:

" 'Furthermore, all irregularities are cured after the sale is made and confirmed. It is said that **the final order of confirmation, having**

the effect of a final conclusive judgment, cures all such irregularities, misconduct, and unfairness in the making of the sale, departures from the provisions of the decree of sale, and errors in the decree and the proceedings under it; and, if the court had jurisdiction and the officer the authority to sell, it makes the sale valid as against collateral attack, even though irregular and voidable before, and though grounds sufficient to prevent confirmation existed.

"Citing 16 R. C. L. p. 85, Sec, 62 as authority.

Also see 34 C. Jur. Sec. p. 621, Sec. 643 (e); 24 O. Jur. p. 91, Sec. 126, p. 92, Sec. 128, p. 93, Sec. 129.

"What more need be said? Applying the law above quoted to the facts in this case I submit that there is no defect in the title of the plaintiffs. No interested party is so claiming. And if he were, I would say that his remedy is against the administrator of the estate, as suggested by the Supreme Court in the case of H. V. Ry. Co. v. White, etc., 87 Oh St 413, the second syllabus of which follows:

" 'Where such lands are sold at private sale for their full value, the executor must account for the total amount of the purchase price received by him, if necessary for the payment of debts. If sold for less than the full value, he must, nevertheless, account for the full value thereof.'

"The innocent purchaser should not have to defend his title against any such claims."

In Addams & Hosford Ohio Probate Practice & Procedure (Fourth Edition) at page 641, it appears that the provisions of former §10510-41 and §10510-44 GC, are now combined in §2127.35 R. C., which became effective October 1, 1953. In the text and citations thereunder, beginning on page 643 (2. Confirmation), it is stated in part as follows:

"The confirmation or approval of the sale by the court is the judicial ascertainment of its validity and legality, and the decree so made can not thereafter, in any collateral proceeding, be questioned. * * * "

And, at page 645 (4. Errors cured by confirmation), it is further stated in part that:

"A sale for less than the appraisement is cured by the confirmation, * * *"

and the case of Spaulding v. Baldwin, 31 Ind. 376, is cited in support thereof.

In the case of Spaulding v. Baldwin, supra, the Supreme Court of Indiana held in part:

"An application to sell lands in the course of administration stands upon the footing of an ordinary adversary judicial proceeding in a court of superior jurisdiction.

"Where jurisdiction has been acquired in such a proceeding, subsequent errors in the course of its exercise—as in the order of sale and its confirmation—however grave and glaring, will not subject the judgment to successful collateral attack."

At pages 377 and 378 thereof (Spaulding v. Baldwin, supra), the court stated in part as follows:

"* * * the answer discloses that the sale, being private, was ordered

to be made for not less than two-thirds of its appraised value—the law requiring the full appraised value—and that the sale was for two-thirds of a cent less than two-thirds of the appraisement. That the probate court ordered and confirmed such a sale, may have been error which would have reversed its judgment; but it does not follow that the proceeding is to be held void when questioned collaterally. The order of sale and its confirmation were steps in the exercise of jurisdiction. If that had been acquired, subsequent errors, such as these, however grave and glaring, would not subject the judgment to successful collateral attack. * * * Nor can decisions as to the special statutory powers conferred on courts, where the statute must be followed at every step, in order to give validity to the exercise of the power, be deemed in point upon the present question. It has been so long settled in this State as to close the question against further controversy, that an application to sell lands in the course of administration stands upon the footing of an ordinary adversary judicial proceeding in a court of superior jurisdiction."

The rules of law so stated and discussed in the Spaulding case, supra, do not appear to be contrary to or in conflict with the pertinent statutory and case law of the State of Ohio. In the case at bar, it is undisputed that all interested parties were properly before the court in said land sale proceeding; that the order of sale and confirmation of sale were made and issued in the exercise of said court's jurisdiction to authorize and approve the sale of real estate to pay debts of said decedent's estate and costs of administration; and there is no evidence whatsoever to show or indicate any collusion or fraud on the part of said administrator in applying for or procuring such order of sale or confirmation thereof by the court, or to show or indicate that Plaintiff, Mary Pierson, was not a bona fide purchaser, or that she possessed any knowledge prior to said sale that the purchase price which she was to pay was less than the appraised value thereof.

On the other hand, it is clearly established by the evidence of record herein that neither the plaintiffs nor defendants had any knowledge that said real estate had been sold to plaintiffs by said administrator for $75.00 less than the appraised value thereof until many years after the same had been sold and deeded to plaintiffs and until approximately seven or eight years after plaintiffs had resold said premises to defendants under the land contract alleged in defendants' cross-petition.

In the light of the undisputed facts of record herein and the statutory and case law hereinabove discussed and referred to. this Court is unable to find any justification which would warrant and support defendants' contentions that (a) plaintiffs' title was defective for the reason that said administrator procured confirmation of sale of said real estate at private sale for less than the appraised value thereof; (b) that said sale constituted a void or voidable sale to plaintiff, Mary Pierson; (c) that said Probate Court was without authority or jurisdiction to order such sale and confirm the same under the provisions of §10510-39 GC; and (d) that plaintiffs were not in position and are not now in position to comply with the terms and conditions of the land contract of record herein.

Each and all of said contentions are bottomed upon the presumption that the provisions of §10510-39 GC expressly and specifically preclude the Probate Court from acquiring or exercising valid jurisdiction in land sale proceedings to order and confirm the sale of real estate upon private sale at less than the appraised value even though the petition filed therein, the order of sale made thereon, the return of sale filed in compliance therewith, and the confirmation thereof by the court, recited that such real estate had been sold for more than the appraised value.

Under all of the facts and circumstances of record in this case, this Court is of the opinion that the rule of law pronounced by the Supreme Court of Ohio, second sentence, paragraph 2, of the syllabus in **Hocking Valley Ry. Co. v. White, 87 Oh St 413**, is applicable to the case at bar; and that, under the facts and circumstances of record herein, the force and effect of said land sale proceedings in the Probate Court of Fayette County was to vest title to said real estate in the plaintiff, Mary Pierson, in like manner as if conveyed by the deceased Millie Thomas in her lifetime (**§10510-44 GC**).

This Court coming now to consider plaintiffs' petition herein which sets forth an action in ejectment and defendants' answer and cross-petition thereto, finds that defendants' answer denies the plaintiffs are entitled to possession of said real estate or that defendants unlawfully kept plaintiffs out of possession thereof; that defendants' cross-petition alleges that a land contract was entered into between the parties for the purchase of said premises by defendants, and that defendants have fully complied with the terms and conditions of said contract. Plaintiffs' answer to said cross-petition admits said land contract but denies each and every other allegation contained in defendants' cross-petition.

The testimony adduced on behalf of the parties shows that defendants made all payments called for by said contract through and including the month of April, 1955; and the files and records of this Court further show that defendants have tendered by depositing with the Clerk of this Court, $194.00 on September 15, 1955 (as payment in full of all monthly payments and interest payments due plaintiffs herein from the first day of May, 1955, until the first day of October, 1955, being the sum of $125.00 as monthly payments in accordance with said contract and the sum of $69.00 as interest in accordance with said contract); and have subsequent thereto deposited with said Clerk of Court $100.00 on December 30, 1955, $25.00 on February 18, 1956, $25.00 on March 20, 1956, and $25.00 on April 28, 1956.

From all of the evidence and testimony of record herein, it appears that defendants, on the date of the trial (December 30, 1955) had complied with all of the terms and conditions of said land contract and were ready, willing and able to carry out the terms and conditions of said contract and to complete the purchase of said real estate according to the terms of said contract, provided the plaintiffs were ready, willing and able, upon its completion by said defendants, to execute and deliver a deed of general warranty for said premises, free and clear of all dower rights and other incumbrances. It also appears of record herein that plaintiff, Mary Pierson, testified that said payments, hereinabove referred to, were proper

and acceptable, and that plaintiffs were ready, willing and able to execute and deliver a warranty deed, free and clear of all dower rights and other incumbrances, provided the defendants paid the balance of the purchase price called for by the terms of said contract.

Therefore, upon due consideration of all the facts and circumstances hereinbefore set forth and discussed, this Court finds that there is no dispute between the parties concerning the payments made and tendered pursuant to and in substantial compliance with the terms and conditions of the contract; that the payments so made and tendered are acceptable to the plaintiffs; and that, upon tender by defendants of the balance called for by said contract, the plaintiffs are ready, willing and able to execute and deliver the warranty deed as required by said contract.

In view of all of the findings hereinabove set forth, the Court further finds:

1. That plaintiffs' petition states an action for the recovery of real property; that defendants' answer thereto joins the issues therein; that, from all of the evidence adduced herein, plaintiffs have failed to sustain the burden of proof required to sustain the recovery so sought by plaintiffs; and that, by reason thereof, plaintiffs' petition should be dismissed;

2. That defendants' cross-petition herein demands affirmative relief in the nature of declaratory judgment; that plaintiffs' answer to said cross-petition joins the issues thereon within the spirit of the declaratory judgments provisions of **Chapter 2721 R. C.**, and discloses that a real controversy between these adverse parties exists which is justiciable;

3. That, in the relief sought by defendants' cross-petition, defendants have pleaded facts which justify a declaration by the court as to their rights which would terminate the controversy between plaintiffs and defendants herein;

4. That undisputed evidence and facts of record herein show that the administrator of the estate of Millie Thomas, deceased, conveyed the real estate in question to Mary Pierson, one of the plaintiffs herein, by deed dated May 8, 1939 (recorded in Deed Book 66, page 203, Recorder's Office of Fayette County, Ohio); that said deed was executed and delivered pursuant to land sale proceedings had in case No. 3750, in the Probate Court of Fayette County, Ohio; that said sale and conveyance were in conformity with the order of sale and the order confirming said sale was duly made and entered by said Probate Court therein on May 8, 1939; and that said administrator filed his first and final account in the administration of said estate on August 1, 1939, and the same was approved and confirmed by said Probate Court on September 9, 1939;

5. That, under, the facts and circumstances of record herein, and applying thereto the applicable statute and case law of Ohio, although the deed so executed and delivered to Mary Pierson constituted prima facie evidence that said administrator of Millie Thomas, deceased, had in all respects observed the direction of the Probate Court and complied with the requirements of the law, such presumption of law could, by proper proceedings, be rebutted and overcome so as to compel said administrator to account for the full value of the real estate so sold;

6. That the enforcement of such liability on the part of said ad-

440

ministrator to account therefor is not properly before or within the jurisdiction of this court when the cross-petitioner, as in the case at bar, was not a party to said land sale proceedings before said Probate Court;

7. That, in the case at bar, this court should consider such liability on the part of said administrator as arising solely from the mandatory provisions of §10510-39 GC (§2127.33 R. C.), and that the failure of said administrator to comply therewith does not as a matter of law create a defect in the interest conveyed and title vested pursuant to the express and mandatory provisions of §10510-44 GC (§2127.35 R. C.);

8. That, under the facts and circumstances of record herein, and applying thereto the applicable statute and case law of Ohio, the deed so executed and delivered to Mary Pierson conveyed the interest in said real estate which was directed to be sold by said Probate Court, and said deed vested title to such interest in the purchaser, Mary Pierson, in like manner as if said real estate had been conveyed by the deceased, Millie Thomas, in her lifetime;

9. That plaintiffs and defendants entered into a valid written land contract for the sale and purchase of said real estate on November 17, 1947; that, pursuant to the provisions thereof, defendants have to date in good faith performed the acts required of them and are ready, willing and able to perform all acts by them yet to be performed as provided and called for by the terms thereof; and that plaintiffs have to date acted in good faith and are ready, willing and able to perform all acts by them yet to be performed as provided and called for by the terms of said contract;

10. That the petition filed herein by plaintiffs, the answer and cross-petition thereto filed by defendants, and plaintiffs' answer to defendants' cross-petition were the means and method through which these parties sought an adjudication and declaration of plaintiffs' title to said real estate and their respective rights and duties under the aforesaid land contract;

11. That, even though it is undisputed that said real estate was sold and deeded to Mary Pierson by said administrator through land sale proceedings as ordered and confirmed by said Probate Court at a price which was $75.00 less than the appraised value thereof, such irregularity did not constitute or create any defect in the right, title and interest so conveyed to and acquired by the said Mary Pierson;

12. That the land contract made and entered into by plaintiffs and defendants on November 17, 1947, is a valid and subsisting contract which is now in force and effect and is in no way modified or rescinded by these proceedings in the case at bar; and the parties thereto are fully bound and obligated to carry out the terms and conditions thereof;

13. That the right, title and interest, which plaintiffs thereby contracted to convey to defendants, is not subject to any encumbrance, lien or other defect claimed by defendants to be connected with and arising out of the aforesaid sale thereof to Mary Pierson at a price which was $75.00 less than the appraised value thereof; and

14. That plaintiffs are seized of and vested with all of the right, title and interest conveyed by the aforesaid administrator's deed of May 8,

1939, and are obligated to convey same to defendants according to the terms and conditions of said land contract of November 17, 1947; and that defendants are obligated to pay the balance due and accept the deed called for pursuant to the terms and conditions of said land contract.

The Court further finds that counsel for defendants should prepare an entry in conformity with the foregoing findings, with appropriate notation therein of exceptions on behalf of each and all of the parties plaintiff and defendant, and taxing the costs of this proceeding equally between the parties; and thereupon submit same to counsel for plaintiffs and to this court for approval by on or before May 31st, 1956.